## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-229-JHP-SPS |
| | ) | |
| RANDY WORKMAN, ART LIGHTEL, AND DEBBIE ALDRIDGE, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On May 22, 2012, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). On May 24, 2012, Plaintiff was granted leave to proceed *in forma pauperis* (Dkt. # 4). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S.

519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

In his complaint, Plaintiff claims violations of his 8th Amendment rights against "cruel and unusual" punishment and his 14th Amendment rights of "equal protection of the law" have been violated by inmates using "Hot-Pots and fans to attack me." Plaintiff goes on to allege that the "electromagnetic coil . . . .produces electromagnetic transverse waves of energy, that is capable of traveling through walls. . . . .causing brain malfunction == involuntary speech, heart arythmia (sic) and sleep deprivation." Plaintiff further claims "[t]hey must have a cellphone, because they are able to transmit my voice to the radio." Even giving plaintiff's complaint a liberal construction, it fails to state a claim for relief. Furthermore, since it is obvious that the plaintiff cannot prevail on the facts he has alleged, it would be futile to give him an opportunity to amend. *Curley v. Perry*, 245 F.3d 1278,

1281-1282) (quoting *Hall v. Bellmon, supra*). In order to state a claim for a prison official's failure to prevent harm, an inmate must establish that he is incarcerated under conditions posing a "substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id*. The objective component requires proof that the condition was "sufficiently serious." *Id*. To meet the objective component, "extreme deprivations are required . . . ." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). Moreover, the act or omission must "result in the denial of the minimal civilized measure of life's necessities. . ." To meet the subjective component, the "prison official must have a sufficiently culpable state of mind," or in this case, "deliberate indifference to inmate health or safety." *Farmer*, *supra*, U.S. at 834, S.Ct. at 1977.

The complaint in this case does not meet either requirement. While "prison officials have a duty to protect prisoners from violence at the hands of other prisoners," *Farmer*, *supra*, U.S. at 833, S.Ct. 1970, plaintiff's allegations fail to establish that he is incarcerated under conditions posing a "substantial risk of serious harm" or that prison officials have been "deliberately indifferent" to his legitimate safety concerns. For these reasons, plaintiff's complaint is dismissed as frivolous, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint is **dismissed with prejudice** as frivolous, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e).

2. A separate judgment shall be entered in favor of the defendants and against plaintiff.

3. Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee incurred in this matter.

It is so ordered on this  29th  day of May, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma